# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MARINE FLOWER, LLC ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: |
| ) | |
| v. ) | IN ADMIRALTY |
| ) | |
| F/V RIVERINE ENTERPRISE (O/N 282733), ) | |
| her engines, tackle, apparel, appurtenances, ) | |
| etc., *in rem*, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

NOW COMES Plaintiff, Marine Flower, LLC ("Marine Flower" or "Plaintiff"), by and through its attorneys, and for its Verified Complaint against Defendant, the Vessel F/V RIVERINE ENTERPRISE (O/N 282733), her engines, tackle, apparel, appurtenances, etc. (the "Vessel" or "Defendant"), *in rem*, and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff's *in rem* claim against the Vessel is a case of admiralty and maritime jurisdiction, under 28 U.S.C. § 1333, and are admiralty and is an admiralty and maritime claim to enforce a preferred mortgage lien, within the meaning of Fed. R. Civ. P. 9(h).

2. Plaintiff's *in rem* claim against the Vessel is asserted under the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301-31343, and in particular, 46 U.S.C. § 31325(b)-(c).

3. Venue in this district is proper under 28 U.S.C. § 1391(b), Rule C(2)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and the general maritime law.

## PARTIES

4. Plaintiff is a New York Limited Liability Company with an address of 20 Secora Rd, #303, Monsey, New York 10952.

5. The *in rem* Defendant F/V RIVERINE ENTERPRISE (Official Number 282733) is a vessel registered under the flag of the United States. The Vessel is owned and mortgaged by Riverine Holding, LLC, a corporation located at 3219 300th Avenue SE, Issaquah, WA, 98329.

6. Upon information and belief, the Vessel, including her engines, tackle, apparel, appurtenances, etc., is now or during the pendency of this action will be located within the Western District of Tennessee, and within the jurisdiction of this Honorable Court.

## FACTUAL ALLEGATIONS

7. On or about March 29, 2014, Riverine Holding, LLC executed a Preferred Mortgage ("Mortgage No. 1") over the Vessel in the amount of 2,250,000.00 USD in favor of Umpqua Bank, successor in interest to Columbia State Bank, located at 1111 3rd Avenue, Ste 2900, Seattle, WA 98101. The mortgage included associated fishing rights. The Mortgage was recorded and filed with the Coast Guard National Vessel Documentation Center, located at 792 TJ Jackson Drive, Falling Waters, WV 25419, on April 18, 2014, at Batch No. 1894100, Doc. Id. No. 11.

8. On or about May 4, 2023, for good and valuable consideration, Umpqua Bank assigned its interest in Mortgage No. 1, including an associated Promissory Note, Security Agreement, and any and all other pledges, to Timothy Kennedy, a natural person residing at 4580 Klahanie Road SE, Issaquah, WA 98029. Notice of this assignment was filed with the United States Coast Guard National Vessel Documentation Center, located at 792 TJ Jackson Drive,

Falling Waters, WV 25419, on May 29, 2023, at Batch No. 119156100, Doc. Id. No. 2. *See* Paragraph 13, *infra*.

9. In Mortgage No. 1, Riverine Holding, LLC guaranteed to "pay the indebtedness in accordance with the provisions of the Note, and [to] observe, perform, and comply with each and every one of the covenants, terms and conditions of the Loan Documents, expressed or implied[.]"

10. Pursuant to Article II(A)(1)(a) of Mortgage No. 1, an "event of default" under the mortgage includes "[failure] to make any payment of principal or interest constituting indebtedness in accordance with the provisions of the Loan Agreement and the Note[.]" *See* Exhibit A at p. 12.

11. Pursuant to Article II(A)(2)(a) of Mortgage No. 1, upon the occurrence of an event of default, the Mortgagee may "[d]eem the indebtedness to be due and payable immediately, and whereupon the entire indebtedness and all other amounts then accrued under the Loan Agreement, the Note, and this Mortgage will become and be immediately due and payable[.] *See id.* at p. 13.

12. Pursuant to Article II(A)(2)(b), upon the occurrence of an event of default, the Mortgagee may "[e]xercise all the rights, powers, privileges, and remedies in foreclosure and otherwise given to mortgagees by the provisions of Chapter 313 of Title 46 of the United States Code[.]" *See id.*

13. Subsequently, on or about May 23, 2023, and for good and valuable consideration, Timothy Kennedy assigned Mortgage No. 1, including the associated Promissory Note, Security Agreement, and any and all other pledges, to Plaintiff, Marine Flower, LLC. Notice of this assignment was filed with the United States Coast Guard National Vessel Documentation Center, located at 792 TJ Jackson Drive, Falling Waters, WV 25419, on May 29, 2023, at Batch No. 119156500, Doc. Id. No. 1. A true and correct copy of this Assignment, including the Mortgage and associated Note, is attached hereto as Exhibit A.

14. Additionally, on or about June 19, 2018, Riverine Holdings, LLC executed a Preferred Mortgage ("Mortgage No. 2") over the Vessel, including associated fishing rights, in the amount of 2,400,000.00 USD in favor of Kennedy Fisheries, Inc., a corporation located at 4580 Klahanie Drive SE, Issaquah, WA 98029. The Mortgage was recorded and filed with the Coast Guard National Vessel Documentation Center, located at 792 TJ Jackson Drive, Falling Waters, WV 25419, on June 19, 2018, at Batch No. 54140500, Doc. Id. No. 3.

15. On or about May 5, 2023, and for good and valuable consideration, Kennedy Fisheries, Inc. assigned its Preferred Mortgage, including the associated Promissory Note, Security Agreement, and any and all other pledges, to Plaintiff, Marine Flower, LLC. Notice of this assignment was filed with the United States Coast Guard National Vessel Documentation Center, located at 792 TJ Jackson Drive, Falling Waters, WV 25419, on May 29, 2023, at Batch No. 119156200, Doc. Id. No. 9. A true and correct copy of this Notice and the associated Assignment, which includes a copy of Mortgage No. 2, is attached hereto as Exhibit B.

16. Mortgage No. 2 provides that:

> [I]f default be made in [payments on the mortgage note] or in any one of such payments, . . . or if the said Mortgagee shall at any time deem itself in danger of losing said debt, or any part thereof, by delaying the collection thereof until the expiration of the time above limited for the payment thereof, . . . Mortgagee is hereby authorized to take possession of said Vessel, goods, chattels, and personal property at any time, wherever found, either before or after the expiration of the time aforesaid, and to sell and convey the same, or so much thereof as may be necessary to satisfy the said debt, interest, and reasonable expenses, after first giving notice of a legal number of days . . . .

*See* Exhibit B at p. 6.

17. The Term Note accompanying Mortgage No. 2 provides in Paragraph 5 that default occurs when "Borrower fails to make any Payment when due under this Note." *See id.* at p. 10.

18. Paragraph 6 of the Term Note provides that, in the event of default, "Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, without notice[.]" *See id.*

19. On January 1, 2020, Riverine Holding LLC defaulted on both Mortgage No. 1 and Mortgage No. 2 by failing to pay the amounts due under both Mortgages and their accompanying Promissory Notes.

## COUNT I – ENFORCEMENT OF PREFERRED SHIP MORTGAGE
### (Against the Vessel *in rem*)

20. Plaintiff realleges and reincorporates herein the allegations contained within paragraph nos. 1 through 17 of this Verified Complaint.

21. Riverine Holding, LLC, owner of the defendant Vessel, has defaulted under the terms of both Mortgages by failing to make punctual payment as required by both Mortgages.

22. Mortgage No. 1 constitutes a valid and perfected preferred mortgage on the F/V RIVERINE ENTERPRISE within the meaning of 46 U.S.C. §31301 et seq.

23. In reference to Mortgage No. 1, Riverine Holding, LLC defaulted on Mortgage No. 1 as of January 1, 2020.

24. Riverine Holding, LLC has failed to perform its obligations under Mortgage No. 1 and it is therefore in default for its failure to make timely payments under Mortgage No. 1.

25. As of Friday, October 6, 2023, there was an outstanding indebtedness of $474,402.23 under Mortgage No. 1, which sum includes principal, interest, and late fees. Additional indebtedness will continue to accrue until this action is concluded and the terms of Mortgage No. 1 are satisfied. *See* Declaration of Timothy J. Kennedy ("Kennedy Decl.") at ¶¶ 14; 16.

26. By virtue of the Mortgages and the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301-31343, Plaintiff holds a valid and enforceable preferred mortgage lien on Defendant Vessel in the amount of the outstanding indebtedness secured thereby and is entitled to enforce its preferred mortgage liens against and foreclose upon the defendant Vessel *in rem*.

27. Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute Mortgage No. 1 as a preferred ship mortgage within the meaning of 46 U.S.C. § 31301 et seq.

### COUNT II– ENFORCEMENT OF PREFERRED SHIP MORTGAGE
### (Against the Vessel *in rem*)

28. Plaintiff realleges and reincorporates herein the allegations contained within paragraph nos. 1 through 27 of this Verified Complaint.

29. Riverine Holding, LLC, owner of the defendant Vessel, has defaulted under the terms of both Mortgages by failing to make punctual payment as required by both Mortgages.

30. Mortgage No. 2 constitutes a valid and perfected preferred mortgage on the F/V RIVERINE ENTERPRISE within the meaning of 46 U.S.C. §31301 et seq.

31. In reference to Mortgage No. 2, Riverine Holding, LLC defaulted on Mortgage No. 2 as of January 1, 2020.

32. Riverine Holding, LLC has failed to perform its obligations under Mortgage No. 2 and it is therefore in default for its failure to make timely payments under Mortgage No. 2.

33. As of October 6, 2023, there was an outstanding indebtedness of $3,640.567.48 under Mortgage No. 2, which sum includes principal, interest, and late fees. Additional indebtedness will continue to accrue until this action is concluded and the terms of Mortgage No. 2 are satisfied. *See* Declaration of Timothy J. Kennedy ("Kennedy Decl.") at ¶¶ 17; 19.

34. By virtue of the Mortgages and the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301-31343, Plaintiff holds a second valid and enforceable preferred mortgage lien on Defendant Vessel in the amount of the outstanding indebtedness secured thereby and is entitled to enforce its preferred mortgage liens against and foreclose upon the defendant Vessel *in rem*.

35. Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute Mortgage No. 2 as a preferred ship mortgage within the meaning of 46 U.S.C. § 31301 et seq.

WHEREFORE, Plaintiff prays that this Honorable Court adjudge as follows:

A. That *in rem* process, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, may issue against the whole of the Vessel, and to all of her components, together with her engines, tackle, apparel, appurtenances, etc., pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action of the Federal Rules of Civil Procedure.

B. That all persons or entities having or claiming any interest in the Vessel be cited to appear and answer under oath;

C. That Plaintiff, Marine Flower, LLC's claim be adjudged two valid and enforceable preferred mortgage liens against the whole of the Vessel, and to all of her components, together with her engines, tackle, apparel, appurtenances, etc., and *in rem* judgment entered in favor of Plaintiff, Marine Flower, LLC, against the Vessel for the full amount of its liquidated and unliquidated damages, together with prejudgment interest, cost and expenses, including attorneys' fees, and other damages which may be shown at trial;

D. That pursuant to 46 U.S.C. § 31326(a), the whole of the Vessel, and all of her components, together with her engines, tackle, apparel, appurtenances, etc., be condemned and sold to satisfy the claims of Plaintiff, Marine Flower, LLC; and

E. That Plaintiff, Marine Flower, LLC, have such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Dated: October 19, 2023                         Respectfully submitted,

MARINE FLOWER, LLC

By its Attorneys,

**WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC**

*/s/ C. Thomas Miller*
C. Thomas Miller (TN Bar No.: 037268)
300 Broadway
P.O. Box 995
Paducah, Kentucky 42002-0995
(270) 443-4516
(270) 442-8247 fax
tmiller@whitlow-law.com

**ECKLAND & BLANDO LLP**

Samuel Blatchley, Esq. (*Pro Hac Vice* Admission Pending)
22 Boston Wharf Road, 7th Floor
Boston, MA 02210
(617)-217-6936
sblatchley@ecklandblando.com

## **VERIFICATION**

Ilya Droznik hereby states under the penalty of perjury pursuant to 28 U.S. §1746 that:

1. I am the president of Plaintiff, Marine Flower, LLC.
2. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.
3. The sources of my information are the business records of Marine Flower, LLC, my involvement with this customer and collection of the outstanding debt, my involvement with the man who sold Marine Flower, LLC the mortgages, Timothy Kennedy, and my involvement with Bill Barclay, my contact at Umpqua Bank.

I hereby certify under penalty of perjury that the foregoing is true and correct on this 17th day of October, 2023.

_____
Ilya Droznik